**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHARON THURMAN, </br></br>           Plaintiff,</br>  vs.</br></br>HEALTH AND HOSPITAL CORPORATION,</br>SHERIFF DEPARTMENT, and</br>LAWRENCE POLICE DEPT.,</br></br>           Defendants. | )</br>)</br>)</br>)   No. 1:12-cv-956-JMS-MJD</br>)</br>)</br>)</br>)</br>)</br>) |

**Entry and Order Dismissing Action**

**I.**

      To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

      Pro se complaints such as that filed by Thurman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999; *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The sufficiency of Thurman's complaint is brought into focus at this early stage because her request to proceed *in forma pauperis* was granted. This requires the court to dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II.

### A.

Sharon Thurman has sued the Health and Hospital Corporation, the Sheriff Department, and the Lawrence Police Department based on events which occurred on July 9, 2012. On that date, a health inspector pursuant to a court order entered her home to conduct an inspection. The inspector proceeded to take unauthorized pictures. When Ms. Thurman objected to the pictures she was arrested by a Lawrence Police Department officer for disorderly conduct. She now seeks 10 million dollars in damages.

### B.

Thurman serves up a number of theories, but none is sufficient for her to proceed.

- Ms. Thurman's complaint alleges no facts in support of her claims pursuant to Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on race, color, religion, sex and national origin.

- Ms. Thurman alleges violations in multiple sections of Title 18 of the United States Code. However, with exceptions not applicable here, the criminal statutes invoked by the plaintiff do not provide a private cause of action for civil liability. *Federal Sav. & Loan Ins. Corp. v. Reeves,* 816 F.2d 130, 137-38 (4th Cir. 1987) (no private action for violations of 18 U.S.C. '' 657, 1001, 1006, 1008, 1014); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. '' 241 and 242 provide no private right of action and cannot form the basis of a civil suit).

- This leaves pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984). *First*, No allegation of a municipal policy or custom on the part of the Marion County Health and Hospital

Corporation is alleged here, and hence no viable claim is asserted against it. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978)(a municipality may be held liable for a constitutional deprivation under § 1983, but to establish municipal liability a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom, or practice); *Ekanem v. Health & Hosp. Corp. of Marion County, Indiana*, 1980 WL 273 at *4 (S.D.Ind. November 28, 1980)(the Health and Hospital Corporation of Marion County is a municipal corporation established by the Indiana Legislature in 1954). *Second*, claims against the Sheriff's Department are also deficient under *Monell* because there is no claim of a municipal policy or custom of the Sheriff's Department related to the misconduct alleged in the complaint. And *third,* the Lawrence Police Department, as a municipal police department is not a suable entity. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

- Finally, the complaint can also be understood as seeking review of decisions made by an Indiana state environmental court regarding property at 4704 Karen Drive, Indianapolis, Indiana. This court does not have jurisdiction to review a state court judgment, even where the claim is made that the proceedings violated the federal plaintiff's constitutional rights. *GASH Associates v. Village of Rosemont, Ill.*, 995 F.2d 726, 727-29 (7th Cir. 1993); *Ritter v. Ross*, 992 F.2d 750 (7th Cir. 1993).

### III.

Because the complaint fails to contain a legally viable claim, dismissal of the action is now mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/14/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Sharon Thurman
4704 Karen Drive
Indianapolis, IN 46226