# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHARON THURMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:12-cv-956-JMS-MJD |
| ) | |
| HEALTH AND HOSPITAL CORPORATION,) | |
| SHERIFF DEPARTMENT, and ) | |
| LAWRENCE POLICE DEPT., ) | |
| ) | |
| Defendants. ) | |

## E N T R Y

This action brought by Sharon Thurman was dismissed as legally insufficient after Thurman had been granted leave to proceed *in forma pauperis.* Specifically, action was dismissed because the complaint failed to state a claim upon which relief could be granted. Dismissal of the action was then authorized and required by 28 U.S.C. § 1915(e)(2)(B).

Judgment was entered on the clerk's docket on September 14, 2012. Based on its timing and content, the plaintiff's motion for rehearing is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claims, nor did it misapply the law to those claims in finding that dismissal was required. Accordingly, the motion for rehearing [11], treated as a motion to alter or amend judgment, is **denied.**

Relief sought in the "remanded objection" [10] is **denied** for the same reasons as described above.

**IT IS SO ORDERED.**

Date: 10/18/2012

Distribution:

Sharon Thurman
4704 Karen Drive
Indianapolis, IN 46226

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana